**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE FRANCISCO DURAN-GOMEZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, | Case No. |
| Plaintiff, | |
| v. | |
| JASHI, INC., an Illinois corporation, d/b/a ROSATI'S PIZZA OF RIVER GROVE, and NIRAV C. PATEL, an individual, | |
| Defendants. | |

**COMPLAINT**

The Plaintiff, Jose Francisco Duran-Gomez ("Plaintiff" or "Duran-Gomez"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorney, Timothy M. Nolan of the Nolan Law Office, hereby complains against Defendants, Jashi, Inc. d/b/a Rosati's Pizza of River Grove ("Rosati's Pizza of River Grove") and Nirav C. Patel ("Patel"), as follows:

**Nature of the Suit**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other non-exempt cooks, food preparers and dishwashers, worked more than 40 hours in individual workweeks and were not paid overtime compensation by Defendants. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because

the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**The Parties**

4.      Plaintiff Duran-Gomez is currently employed by the Defendants. Plaintiff has

worked for the Defendants since approximately November, 2013.

5.      Defendants employ Plaintiff as a cook, food preparer and dishwasher.

6.      Defendant Rosati's Pizza of River Grove is a restaurant engaged in selling and

serving prepared food and beverages to customers for consumption on or off the premises.

7.      Defendant Rosati's Pizza of River Grove is operated by Jashi, Inc., an Illinois

corporation, and is doing business at 8342 Grand Avenue in River Grove, Illinois.

8.      The president and registered agent for Defendant Rosati's Pizza of River Grove

are located within this judicial district.

9.      During the last three years before the filing of this suit, two or more employees of

Defendant Rosati's Pizza of River Grove have handled, sold, or otherwise worked on goods or

material, including, but not limited to, food, food products, and beverages, that were transported

or produced out of state.

10.      Upon information and belief, Defendant Patel is an owner of Defendant Rosati's

Pizza of River Grover. Mr. Patel is the president for the operating entity, Jashi, Inc.

11.      Defendant Patel possessed ultimate control over the day-to-day operations of

Rosati's Pizza of River Grove. Patel hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records.

12.     Upon information and belief, Defendant Patel resides in and is domiciled within this judicial district.

### Common Allegations

13.     Plaintiff, and other non-exempt cooks, food preparers and dishwashers, were directed to work, and did work, more than 40 hours in individual workweeks.

14.     Plaintiff has typically been scheduled to works six (6) days per week with either Monday or Sunday off, although he frequently worked seven (7) days per week. On Monday, Tuesday, Wednesday and Sunday, Plaintiff is regularly scheduled to work from 4:00 p.m. to 11:00 p.m.; on Thursday, Friday and Saturday, Plaintiff regularly works from 11:00 a.m. to midnight.

15.     Based on his work schedule, Plaintiff regularly worked not less than 54 hours in individual workweeks, and frequently as much as 70 hours per individual workweek.

16.     Defendants paid Plaintiff on an hourly basis at the rate of $10.00 per hour during approximately 2014 through mid- 2016, and $11.00 per hour thereafter.

17.     Defendants did not compensate Plaintiff, and other non-exempt cooks, food preparers and dishwashers, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

18.     Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

19.     In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff with unreported cash at his straight-time rate of pay for all hours worked.

20.     In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

21.     Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

22.     Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

23.     Throughout his employment with Defendants, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

24.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

25.     During the course of Plaintiff's employment, Defendants employed other cooks, food preparers and dishwashers who were similarly not exempt from the overtime wage provisions of the FLSA.

26.     Throughout Plaintiff's employment, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

27.     Defendant Rosati's Pizza of River Grove was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

28. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt cooks, food preparers and dishwashers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

29. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

30. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid Plaintiff his straight time hours of work and overtime compensable hours "under the table" in cash. Upon information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations and posting requirements.

**WHEREFORE**, the Plaintiff, Jose Francisco Duran-Gomez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Jashi, Inc. d/b/a Rosati's Pizza of River Grove and Nirav C. Patel, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

<u>COUNT II</u>
<u>Violation of the Illinois Minimum Wage Law – Overtime Wages</u>

31. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

5

32.     Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

33.     Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

34.     During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the IMWL.

35.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

36.     Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt cooks, food preparers and dishwashers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

37.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Jose Francisco Duran-Gomez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Jashi, Inc. d/b/a Rosati's Pizza of River Grove and Nirav C. Patel, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.


Dated: August 1, 2017                          Respectfully submitted,
                                               Jose Francisco Duran-Gomez, on behalf of
                                               himself and all other Plaintiffs similarly
                                               situated, known and unknown, Plaintiff



                                               /s/ Timothy M. Nolan
                                               _____
                                               One of Plaintiff's Attorneys



Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com